### IN THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF COLUMBIA

in re:
LaFortune Real Estate Development, LLC                    Case No. 25-00109

                                                          Chapter 11

### DEBTOR'S EXPEDITED MOTION TO STAY FORECLOSURE SALE AND REQUEST FOR INJUNCTIVE RELIEF PREVENTING FORECLOSURE SALE

LaFortune Real Estate Development, LLC, debtor and debtor-in-possession in the above captioned Chapter 11 case, hereby moves the Court, pursuant to sections 105(a) and 345 of the United States Bankruptcy Code, for entry of an order prohibiting a foreclosure sale of debtor's property during the pendency of this case.

### JURISDICTION

1. This court has jurisdiction over the motion pursuant to 28 U.S.C. §§ 157(b) and 1334.  This is a core proceeding with the meaning of 28 U.S.C. § 157(b)(2)(a). Venue of these proceedings in proper under 28 U.S.C. §§ 1408 and 1409.

2. Debtor, faced with an imminent foreclosure sale of its sole real estate asset, filed a voluntary petition for relief under Chapter 11 of the US Bankruptcy Code on March 27, 2025.

3. Debtor had filed an earlier petition for relief under Chapter 11 of the U.S. Bankruptcy Code on December 10, 2024 (Case No. 24-00420).  Debtor's managing member, after filing this petition, was told by mortgage brokers that

her application for a mortgage refinance would be approved only if she would dismiss her Chapter 11 bankruptcy case. Debtor did this, but for unexplained reasons, the refinance application was still not approved.

4. Debtor's mortgage lender then renewed its efforts to reschedule the foreclosure sale. Debtor filed the instant bankruptcy case in response, but debtor's counsel neglected to ask the Court for an extension of the automatic stay, causing the automatic stay to end 30 days after filing.

5. Debtor's managing member subsequently received notice that its mortgage lender had reinstituted foreclosure proceedings, and that a foreclosure sale has been set for July 17, 2005.

6. 11 USC 105 grants this Court broad authority to issue injunctive relief in order to "carry out the provisions of this title".

7. Statutory and case law instructs that injunctive relief shall be granted if the moving party will suffer irreparable harm if relief is not granted, if the burdens born by both parties are balanced, if the relief is in the public interest, and if the moving party is likely to prevail on the merits.

8. Debtor would suffer irreparable harm if this injunctive relief is not granted, as the residential property in question is the debtor's sole residential asset. If the foreclosure sale is allowed to go forward, debtor would become instantly insolvent, tenant's managing member would lose access to a home that has been in her family for generations.

9. Debtor's mortgage holder would suffer little harm if this injunctive relief is granted. The property is appreciating in value and the creditor's loan is fully secured. Debtor has a realistic prospect of paying the creditor's claim in full through its Chapter 11 plan once debtor obtains its occupancy certificate from the District of Columbia government. Moreover, debtor has few other creditors and few operating expenses, so there would be very little need to share funds with other creditors. Debtor's soon to be filed plan will not seek to impair its obligation to this creditor. And if debtor does not comply with the Chapter 11 plan, the mortgage company would always have the right to reinstitute foreclosure proceedings.

10. Granting injunctive relief is also in the public interest as debtor has a viable business plan. Its financial difficulties have been exclusively caused by its tenants' organized rent strike. It is in the public interest to allow debtor to hold these tenants accountable through obtaining judgements against tenants who have willfully withheld rent payments to take advantage of this situation. It is also in the public interest to allow debtor to reorganize its business, particularly in a way that would make its creditors whole upon plan completion.

11. Debtor is likely to prevail on the merits because this situation goes to the very core of the statutory purpose of 11 USC §105. Bankruptcy courts have held as a majority rule that real estate owned by the debtor is part of the bankruptcy estate and that estate should be protected even after the expiration of the

debtor's automatic stay.  In this case, debtor's real estate is the sole asset of its business and protecting this asset is the only purpose of this bankruptcy case.

WHEREFORE, the debtor asks that this Court enter an Order providing the following relief:

A. That creditor Sandy Spring Bank or any other lienholder to the property be precluded from scheduling or conducting a foreclosure sale of the property until after debtor's Chapter 11 plan has been confirmed by this Court, and the Chapter 11 plan having been confirmed, that creditor be precluded from scheduling or conducting a foreclosure sale unless debtor fails to comply with the terms of the confirmed Chapter 11 plan.

Respectfully submitted,

/s/

E. Christopher Amos
1014 W. 36th St.
Ste. 507
Baltimore, MD 21211
240-676-6813
echrisamos@gmail.com